## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ARIANNY CELESTE LOPEZ, TARA LEIGH PATRICK A/K/A CARMEN ELECTRA, HILLARY HEPNER, JAIME EDMONDSON-LONGORIA, INA SCHNITZER A/K/A JORDAN CARVER, LINA POSADA, MEGAN VOGT A/K/A MEGAN DANIELS, VIDA GUERRA, DENISE TRLICA A/K/A DENISE MILANI, JACLYN SWEDBERG, LUCY PINDER, BRITTANY WILCOX, JESSICA ROCKWELL, PAIGE HATHAWAY, AMANDA CERNY, MERCEDES TERRELL, EMILY SCOTT, and JESSICA BURCIAGA,** | **Civil Action No. 18-cv-05846** |
| **Plaintiffs,** | **ANSWER TO COMPLAINT BY LOOK ENTERTAINMENT, LTD d/b/a BILLY DEAN'S SHOWTIME CAFE, WILLIAM DEAN and RORI GORDON** |
| **v.** | |
| **LOOK ENTERTAINMENT, LTD d/b/a BILLY DEAN'S SHOWTIME CAFE, WILLIAM DEAN and RORI GORDON,** | |
| **Defendants.** | |

Defendants Look Entertainment, LTD d/b/a Billy Dean's Showtime Cafe ("Look"), William Dean, and Rori Gordon (collectively "Defendants"), through their undersigned attorneys, hereby answer Plaintiffs Arianny Celeste Lopez, Tara Leigh Patrick a/k/a Carmen Electra, Hillary Hepner, Jaime Edmondson-Longoria, Ina Schnitzer a/k/a Jordan Carver, Lina Posada, Megan Vogt a/k/a Megan Daniels, Vida Guerra, Denise Trlica a/k/a Denise Milani, Jaclyn Swedberg, Lucy Pinder, Brittany Wilcox, Jessica Rockwell, Paige Hathaway, Amanda Cerny, Mercedes Terrell, Emily Scott, and Jessica Burciaga's (collectively "Plaintiffs") Complaint (the "Complaint") as follows:

## BACKGROUND

1.      In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiffs'
action is for damages and injunctive relief, but deny the merits of the claims contained therein.

2.      In response to Paragraph 2 of the Complaint, Defendants admit that Plaintiffs'
claims are based on alleged violations of the Lanham Act, New York Civil Rights Law §§ 50-51,
and New York General Business Law § 349, and defamation, but deny the merits of such claims.

3.      In response to Paragraph 3 of the Complaint, Defendants admit that Plaintiffs seek
permanent injunctive relief through this action, but deny the merits of the claims contained
therein.

## JURISDICTION & VENUE

4.      Defendants admit that the Court has subject matter jurisdiction over the claims
brought under the Lanham Act, and deny the merits of such claims.

5.      Defendants are without knowledge or information sufficient to form a belief as to
the truth of the allegations of Paragraph 5 of the Complaint and, therefore, deny the same.

6.      In response to Paragraph 6 of the Complaint, Defendants deny the allegations
contained therein except that they admit that Look is a corporation organized under the laws of
the State of New York and has a place of business at 1538 Newbridge Road, North Bellmore,
New York 11710.

7.      In response to Paragraph 7 of the Complaint, Defendants deny the allegations
contained therein except they admit that Dean and Gordon are residents of the State of New
York.

8.      Defendants admit that venue is proper in the Eastern District of New York.

9.      Defendants admit the allegations of Paragraph 9 of the Complaint as to themselves, and further state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to any other party named in the caption above and, therefore, deny the same.

## PARTIES

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, therefore, deny the same.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, therefore, deny the same.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, therefore, deny the same.

13.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, therefore, deny the same.

14.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, therefore, deny the same.

15.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, therefore, deny the same.

16.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and, therefore, deny the same.

17.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and, therefore, deny the same.

18.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and, therefore, deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and, therefore, deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, therefore, deny the same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, therefore, deny the same.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and, therefore, deny the same.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, therefore, deny the same.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and, therefore, deny the same.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and, therefore, deny the same.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, therefore, deny the same.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, therefore, deny the same.

28.     Defendants deny the allegations of Paragraph 28 of the Complaint.

29.     Defendants deny the allegations of Paragraph 29 of the Complaint.

## FACTUAL ALLEGATIONS

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and, therefore, deny the same.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and, therefore, deny the same.

32.     Defendants deny the allegations of Paragraph 32 of the Complaint.

33.     Defendants deny the allegations of Paragraph 33 of the Complaint.

34.     Defendants deny the allegations of Paragraph 34 of the Complaint.

35.     Defendants deny the allegations of Paragraph 35 of the Complaint.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and, therefore, deny the same.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint, except admit that documents purporting to be photos of plaintiff Lopez are attached to the Complaint as Exhibit A.

38.     Defendants deny the allegations of Paragraph 38 of the Complaint.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and, therefore, deny the same.

40.     Defendants deny the allegations of Paragraph 40 of the Complaint, except admit that a document purporting to be a photo of plaintiff Electra is attached to the Complaint as Exhibit B.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and, therefore, deny the same.

43.     Defendants deny the allegations of Paragraph 43 of the Complaint, except admit that documents purporting to be photos of plaintiff Hepner are attached to the Complaint as Exhibit C.

44.     Defendants deny the allegations of Paragraph 44 of the Complaint.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and, therefore, deny the same.

46.     Defendants deny the allegations of Paragraph 46 of the Complaint, except admit that a document purporting to be a photo of plaintiff Longoria is attached to the Complaint as Exhibit D.

47.     Defendants deny the allegations of Paragraph 47 of the Complaint.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and, therefore, deny the same.

49.     Defendants deny the allegations of Paragraph 49 of the Complaint, except admit that documents purporting to be photos of plaintiff Carver are attached to the Complaint as Exhibit D.

50.     Defendants deny the allegations of Paragraph 50 of the Complaint.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint and, therefore, deny the same.

52.     Defendants deny the allegations of Paragraph 52 of the Complaint, except admit that documents purporting to be photos of plaintiff Posada are attached to the Complaint as Exhibit F.

53.     Defendants deny the allegations of Paragraph 53 of the Complaint.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and, therefore, deny the same.

55.     Defendants deny the allegations of Paragraph 55 of the Complaint, except admit that a document purporting to be a photo of plaintiff Daniels is attached to the Complaint as Exhibit G.

56.     Defendants deny the allegations of Paragraph 56 of the Complaint.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and, therefore, deny the same.

58.     Defendants deny the allegations of Paragraph 58 of the Complaint, except admit that documents purporting to be photos of plaintiff Guerra are attached to the Complaint as Exhibit H.

59.     Defendants deny the allegations of Paragraph 59 of the Complaint.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint and, therefore, deny the same.

61.     Defendants deny the allegations of Paragraph 61 of the Complaint, except admit that documents purporting to be photos of plaintiff Milani are attached to the Complaint as Exhibit I.

62.     Defendants deny the allegations of Paragraph 62 of the Complaint.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint and, therefore, deny the same.

64.     Defendants deny the allegations of Paragraph 64 of the Complaint, except admit that a document purporting to be a photo of plaintiff Swedberg is attached to the Complaint as Exhibit J.

65.     Defendants deny the allegations of Paragraph 65 of the Complaint.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint and, therefore, deny the same.

67.     Defendants deny the allegations of Paragraph 67 of the Complaint, except admit that a document purporting to be a photo of plaintiff Pinder is attached to the Complaint as Exhibit K.

68.     Defendants deny the allegations of Paragraph 68 of the Complaint.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint and, therefore, deny the same.

70.     Defendants deny the allegations of Paragraph 70 of the Complaint, except admit that a document purporting to be a photo of plaintiff Wilcox is attached to the Complaint as Exhibit L.

71.     Defendants deny the allegations of Paragraph 71 of the Complaint.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint and, therefore, deny the same.

73.     Defendants deny the allegations of Paragraph 73 of the Complaint, except admit that a document purporting to be a photo of plaintiff Rockwell is attached to the Complaint as Exhibit M.

74.     Defendants deny the allegations of Paragraph 74 of the Complaint.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint and, therefore, deny the same.

76.     Defendants deny the allegations of Paragraph 76 of the Complaint, except admit that a document purporting to be a photo of plaintiff Hathaway is attached to the Complaint as Exhibit N.

77.     Defendants deny the allegations of Paragraph 77 of the Complaint.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Complaint and, therefore, deny the same.

79.     Defendants deny the allegations of Paragraph 79 of the Complaint, except admit that a document purporting to be a photo of plaintiff Cerny is attached to the Complaint as Exhibit O.

80.     Defendants deny the allegations of Paragraph 80 of the Complaint.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint and, therefore, deny the same.

82.     Defendants deny the allegations of Paragraph 82 of the Complaint, except admit that a document purporting to be a photo of plaintiff Terrell is attached to the Complaint as Exhibit P.

83.     Defendants deny the allegations of Paragraph 83 of the Complaint.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint and, therefore, deny the same.

85.     Defendants deny the allegations of Paragraph 85 of the Complaint, except admit that a document purporting to be a photo of plaintiff Scott is attached to the Complaint as Exhibit Q.

86.     Defendants deny the allegations of Paragraph 86 of the Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Complaint and, therefore, deny the same.

88.     Defendants deny the allegations of Paragraph 88 of the Complaint, except admit that a document purporting to be a photo of plaintiff Burciaga is attached to the Complaint as Exhibit R.

89.     Defendants deny the allegations of Paragraph 89 of the Complaint.

90.     Defendants deny the allegations of Paragraph 90 of the Complaint.

91.     Defendants deny the allegations of Paragraph 91 of the Complaint.

92.     Defendants deny the allegations of Paragraph 92 of the Complaint.

93.     Defendants deny the allegations of Paragraph 93 of the Complaint.

94.     Defendants deny the allegations of Paragraph 94 of the Complaint.

95.     Defendants deny the allegations of Paragraph 95 of the Complaint.

96.     Defendants deny the allegations of Paragraph 96 of the Complaint.

97.     Defendants deny the allegations of Paragraph 97 of the Complaint.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Complaint and, therefore, deny the same.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Complaint and, therefore, deny the same.

100.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Complaint and, therefore, deny the same.

101.     Defendants deny the allegations of Paragraph 101 of the Complaint.

102.     Defendants deny the allegations of Paragraph 102 of the Complaint.

103.     Defendants deny the allegations of Paragraph 103 of the Complaint.

104.     Defendants deny the allegations of Paragraph 104 of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the Complaint and, therefore, deny the same.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the Complaint and, therefore, deny the same.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of the Complaint and, therefore, deny the same.

108.    Defendants deny the allegations of Paragraph 108 of the Complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the Complaint and, therefore, deny the same.

110.    Defendants deny the allegations of Paragraph 110 of the Complaint.

111.    Defendants deny the allegations of Paragraph 111 of the Complaint.

112.    Defendants deny the allegations of Paragraph 112 of the Complaint.

113.    Defendants deny the allegations of Paragraph 113 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125 *et seq.*: False Advertising)**

114.    Defendants restate and incorporate by reference its responses to Paragraphs 1 through 113 above, as if fully set forth herein.

115.    Defendants deny the allegations of Paragraph 115 of the Complaint.

116.    Defendants deny the allegations of Paragraph 116 of the Complaint.

117.    Defendants deny the allegations of Paragraph 117 of the Complaint.

118.    Defendants deny the allegations of Paragraph 118 of the Complaint.

119.    Defendants deny the allegations of Paragraph 119 of the Complaint.

120.    Defendants deny the allegations of Paragraph 120 of the Complaint.

121.    Defendants deny the allegations of Paragraph 121 of the Complaint.

122.     Defendants deny the allegations of Paragraph 122 of the Complaint.

123.     Defendants deny the allegations of Paragraph 123 of the Complaint.

## SECOND CAUSE OF ACTION
### (Violation of §43 of the Lanham Act, 15 U.S.C. §1125 *et seq.*: False Endorsement)

124.     Defendants restate and incorporate by reference its responses to Paragraphs 1 through 123 above, as if fully set forth herein.

125.     Defendants deny the allegations of Paragraph 125 of the Complaint.

126.     Defendants deny the allegations of Paragraph 126 of the Complaint.

127.     Defendants deny the allegations of Paragraph 127 of the Complaint.

128.     Defendants deny the allegations of Paragraph 128 of the Complaint.

129.     Defendants deny the allegations of Paragraph 129 of the Complaint.

130.     Defendants deny the allegations of Paragraph 130 of the Complaint.

131.     Defendants deny the allegations of Paragraph 131 of the Complaint.

132.     Defendants deny the allegations of Paragraph 132 of the Complaint.

## THIRD CAUSE OF ACTION
### (Violation of N.Y. Civ. Rights Law §§ 50-51)

133.     Defendants restate and incorporate by reference its responses to Paragraphs 1 through 132 above, as if fully set forth herein.

134.     Defendants deny the allegations of Paragraph 134 of the Complaint.

135.     Defendants deny the allegations of Paragraph 135 of the Complaint, except admit that Look operates and controls Billy Dean's Showtime Cafe's website and social media accounts.

136.     Defendants deny the allegations of Paragraph 136 of the Complaint, except admit that Look operates Billy Dean's Showtime Cafe's website and social media accounts to promote Billy Dean's Showtime Cafe.

137.     Defendants deny the allegations of Paragraph 137 of the Complaint.

138.     Defendants deny the allegations of Paragraph 138 of the Complaint.

139.     Defendants deny the allegations of Paragraph 139 of the Complaint.

140.     Defendants deny the allegations of Paragraph 140 of the Complaint.

141.     Defendants deny the allegations of Paragraph 141 of the Complaint.

142.     Defendants deny the allegations of Paragraph 142 of the Complaint.

143.     Defendants deny the allegations of Paragraph 143 of the Complaint.

144.     Defendants deny the allegations of Paragraph 144 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Violation of N.Y. General Business Law §349: N.Y. Deceptive Trade Practices Act)

145.     Defendants restate and incorporate by reference its responses to Paragraphs 1 through 144, as if fully set forth herein.

146.     Defendants deny the allegations of Paragraph 146 of the Complaint.

147.     Defendants deny the allegations of Paragraph 147 of the Complaint.

148.     Defendants deny the allegations of Paragraph 148 of the Complaint.

149.     Defendants deny the allegations of Paragraph 149 of the Complaint.

150.     Defendants deny the allegations of Paragraph 150 of the Complaint.

151.     Defendants deny the allegations of Paragraph 151 of the Complaint.

152.     Defendants deny the allegations of Paragraph 152 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Defamation)

153.    Defendants repeat and incorporate by reference its responses to Paragraphs 1 through 152, as if fully set forth herein.

154.    Defendants deny the allegations of Paragraph 154 of the Complaint.

155.    Defendants deny the allegations of Paragraph 155 of the Complaint.

156.    Defendants deny the allegations of Paragraph 156 of the Complaint.

157.    Defendants deny the allegations of Paragraph 157 of the Complaint.

158.    Defendants deny the allegations of Paragraph 158 of the Complaint.

159.    Defendants deny the allegations of Paragraph 159 of the Complaint.

160.    Defendants deny the allegations of Paragraph 160 of the Complaint.

161.    Defendants deny the allegations of Paragraph 161 of the Complaint.

162.    Defendants deny the allegations of Paragraph 162 of the Complaint.

163.    Defendants deny the allegations of Paragraph 163 of the Complaint.

164.    Defendants deny the allegations of Paragraph 164 of the Complaint.

165.    Defendants deny the allegations of Paragraph 165 of the Complaint.

166.    As for the Demand for Jury Trial, no response is necessary, but to the extent that a response is required, Defendants deny Plaintiffs' Demand for Jury Trial.

167.    As for the Prayer for Relief, Defendants deny that Plaintiffs are entitled to such relief requested and accordingly deny the same.

## AFFIRMATIVE DEFENSES

By and for its affirmative defenses, Defendants state as follows:

1.      **First Affirmative Defense** – The Complaint fails to allege facts sufficient to state a claim upon which relief can be granted, including, but not limited to, failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).

2.      **Second Affirmative Defense** – Plaintiffs' claims are barred in whole or in part by the applicable Statutes of Limitations to any and all claims asserted by Plaintiffs against Defendants.

3.      **Third Affirmative Defense** – Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

4.      **Fourth Affirmative Defense** – Plaintiffs' claims are barred in whole or in part by the doctrine of release, waiver, and/or estoppel.

5.      **Fifth Affirmative Defense** – Plaintiffs' claims are barred in whole or in part by the doctrine of acquiescence.

6.      **Sixth Affirmative Defense** – Plaintiffs have not suffered any damages cognizable under any applicable federal or state law as a result of any alleged act or conduct of Defendants.

7.      **Seventh Affirmative Defense** – Plaintiffs' claims fail in whole or in part because there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendants and the relief prayed for therefore cannot be granted.

8.      **Eighth Affirmative Defense** – Plaintiffs' claims are barred in whole or in part by its failure to mitigate damages, if such damages exist.

9.      **Ninth Affirmative Defense** – Plaintiffs' Lanham Act claims are barred in whole or in part because no consumer confusion was or could have been caused by Defendants' alleged acts or conduct.

10.      **Tenth Affirmative Defense** – Plaintiffs' Lanham Act claims are barred in whole or in part because of the lack of any use in commerce by Defendants of Plaintiffs' marks or images.

11.      **Eleventh Affirmative Defense** – Plaintiffs' claims are barred in whole or in part because, upon information and belief, the rights in and associated with the images at issue are owned by the photographers, their licensees, or others and not by the Plaintiffs.

12.      **Twelfth Affirmative Defense** – Plaintiffs' claims are barred to the extent that Plaintiffs' authorized Defendants and/or others to use the images at issue.

13.      **Thirteenth Affirmative Defense** – To the extent that any statement is alleged to have been made by Defendants about any plaintiff, any such statements were made in good faith, without malice, and without any intention to injure or damage such plaintiff or her reputation.

14.      **Fourteenth Affirmative Defense** – To the extent that any statement is alleged to have been made by Defendants about any plaintiff, any such statements were reasonable under the circumstances.

15.      **Fifteenth Affirmative Defense** – To the extent that any statement is alleged to have been made by Defendants about any plaintiff, any such statements were true and/or did not mislead consumers.

16.      **Sixteenth Affirmative Defense** – To the extent that any statement is alleged to have been made by Defendants about any plaintiff, any such statements were not defamatory and did not result in injury, damage, or harm to any plaintiff or her reputation.

17. **Seventeenth Affirmative Defense** – Plaintiffs' alleged trademarks have not acquired distinctiveness through secondary meaning, and are therefore unprotectable, invalid, or unenforceable.

18. **Eighteenth Affirmative Defense** – Plaintiffs' alleged trademarks lack inherent distinctiveness and are therefore unprotectable, invalid, or unenforceable.

19. **Nineteenth Affirmative Defense** – Without admitting that the Complaint states a claim or that Defendants' alleged acts resulted in consumer confusion, any alleged injury to the public interest did not go above and beyond the general variety of consumer confusion that is the gravamen of a false endorsement claim.

20. **Twentieth Affirmative Defense** – Plaintiffs' claims are barred in whole or in part because Defendants acted in good faith.

21. **Twenty-First Affirmative Defense** – Without admitting that the Complaint states a claim or that Defendants' alleged acts were deceptive, any deception did not have a material effect on consumers' purchasing decisions.

22. **Twenty-Second Affirmative Defense** – Plaintiffs are public figures or limited purpose public figures, and to the extent that any statement is alleged to have been made by Defendants about any plaintiff, that statements were not made with malice.

23. **Twenty-Third Affirmative Defense** – Plaintiffs' claims are barred in whole or in part because Defendants' alleged actions were not in bad faith and/or willful.

24. **Twenty-Fourth Affirmative Defense** – Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants.

25.     **Twenty-Fifth Affirmative Defense** – Plaintiffs fail to state facts sufficient to permit recovery of attorneys' fees.

26.     **Twenty-Sixth Affirmative Defense** – Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that they will suffer irreparable harm.

27.     **Twenty-Seventh Affirmative Defense** – Plaintiffs' claims are barred in whole or in part because Plaintiffs have not established the requisite fame, notoriety, and/or recognition for which protection may be granted.

28.     **Additional Affirmative Defenses** – Defendants reserve the right to amend the Answer and/or the foregoing Affirmative Defenses as additional information becomes available during the course of discovery or otherwise. All possible affirmative defenses may not have been alleged here insofar as sufficient facts were not available, after reasonable inquiry, upon filing of Defendants' Answer. As such, Defendants may later amend the Answer to raise additional affirmative defenses, if warranted by subsequent investigation. By providing this Answer, Defendants do not waive or relinquish any present or potential affirmative defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Look Entertainment, LTD d/b/a Billy Dean's Showtime Cafe, William Dean, and Rori Gordon pray for judgment as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing from Defendants by virtue of its Complaint;

2. That judgment be entered in favor of Defendants, and against Plaintiffs;

3. That Defendants be awarded its cost of suit and reasonable attorneys' fees incurred herein; and,

4. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,
**STERN & SCHURIN LLP**

By: *Richard Schurin*
_____
Richard Schurin (RS 0199)
 rschurin@sternschurin.com
Steven Stern (SS 5203)
 sstern@sternschurin.com
STERN & SCHURIN LLP
595 Stewart Avenue, Suite 510
Garden City, New York 11530
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

*Attorneys for Defendants Look Entertainment,*
*LTD d/b/a Billy Dean's Showtime Cafe,*
*William Dean, and Rori Gordon*

Dated: February 1, 2019
   Garden City, New York